## MACHECA v. DUMAS.
### No. 14290.

Court of Appeal of Louisiana. Orleans.
Nov. 28, 1932.

Geo. Montgomery, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

HIGGINS, J.

This is a suit by a doctor to recover the sum of $281, the balance alleged to be due for an operation performed on and medical services rendered to the defendant's wife. The defense is that plaintiff agreed to perform the operation and attend to defendant's wife for a consideration of $300, including hospital expenses.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The defendant concedes that the judgment of the lower court is correct if his motion to remand is denied, but contends that in the interest of justice we should send the case back to the lower court for the purpose of taking the testimony of a witness who failed to appear.

When the case was called for trial on the merits below, counsel for defendant requested a continuance on the ground that Dr. M. M. Snelling, defendant's son-in-law, of Gulfport, Miss., was an indispensable and necessary witness because he was the one with whom the plaintiff made the agreement for the defendant's account as set forth in the answer, and that as he was absent defendant would be unable to prove up his defense. Counsel for plaintiff objected to the continuance of the case on the ground that the record showed that Dr. Snelling had not been summoned as a witness and that his testimony had not been taken, although defendant had a reasonable opportunity to do so. The district judge maintained the plaintiff's objection and ordered the case to be tried on its merits, but stated that if the defendant submitted an affidavit by Dr. Snelling and the judge felt that the testimony he would give would be relevant, he would consider granting a new trial, particularly if any injustice had been done to defendant. The defendant neither filed a motion for a new trial nor an affidavit by Dr. Snelling as to what he would testify to.

The record shows that the suit was filed on October 20, 1931; that defendant's answer was filed on December 1, 1931; and the case was tried on April 5, 1932. Defendant did not take the testimony of Dr. Snelling by deposition, although it appears that he had every opportunity to do so and that he also failed to summons him as a witness.

The trial court had a discretion as to whether or not a continuance should be granted, and from the foregoing circumstances it appears to us that the judge, a quo, in no way abused his discretion or acted in any arbitrary or unreasonable manner.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.